116 N.J. Super. 506 (1971)
283 A.2d 109
IN RE: ADOPTION OF A CHILD BY M.W.
Superior Court of New Jersey, Appellate Division.
Argued September 14, 1971.
Decided October 19, 1971.
*507 Before Judges LEWIS, KOLOVSKY and HALPERN.
Mr. Michael S. Bokar, of the Legal Aid Society of Mercer County, argued the cause for appellant.
Mr. Ken R. Springer, Deputy Attorney General, argued the cause for respondent Bureau of Children's Services (Mr. George F. Kugler, Jr., Attorney General, attorney).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
Plaintiff, a welfare recipient represented by an attorney designated by the Legal Aid Society of Mercer County, filed a complaint for the adoption of Gwendolyn, a 13-year-old child who had been in her custody for some 12 1/2 years.[1] Because she was so represented, the *508 clerk of the court waived payment of any filing fees. See R. 1:13-2.
Plaintiff has obtained the judicial relief she applied for; a judgment granting the adoption was entered on September 22, 1970.
Plaintiff's dissatisfaction  hence this appeal  is with that part of the judgment as allows, as taxed costs to be paid by plaintiff, the sum of $240 to the Bureau of Children's Services of the New Jersey Department of Institutions and Agencies (Bureau). That sum, whose reasonableness is not disputed, represents the costs incurred by the Bureau in acting, pursuant to prior orders of the court (1) as the "approved agency" which made the investigation and report called for by N.J.S.A. 9:3-23, and (2) as the "next friend" which made the visits, investigations and report provided for by N.J.S.A. 9:3-25 and 26.
N.J.S.A. 9:3-23 requires, except in circumstances not present here, that upon the filing of a complaint for adoption,
* * * the court by its order shall (a) declare that the child sought to be adopted shall be a ward of the court and that the custody of such child shall be subject to the further order of the court; (b) appoint, with due regard for the religious background of the child, an approved agency having its principal office in New Jersey to make an investigation and written report to the court concerning the circumstances under which the child was received into the home of the plaintiff, the status of the parents of the child, the potential fitness of the child for adoption, and the potential fitness of the plaintiff to adopt the child and to provide a home suitable for his rearing; (c) direct that the plaintiff shall assist to the fullest extent in the making of such investigation and report; and (d) fix a day for preliminary hearing * * *. [Emphasis added]
The italicized phrase, "approved agency," is defined by the statute, N.J.S.A. 9:3-18:
The phrase "approved agency" means a legally constituted agency having its principal office within or without this State, which has been approved, pursuant to the provisions of this act, to place children in New Jersey for purposes of adoption.
*509 The statute further provides in N.J.S.A. 9:3-25 that if, upon completion of a preliminary hearing, the court is satisfied, among other things,
* * * (3) that the child is potentially fit for adoption; and (4) that the plaintiff has the potential fitness to adopt the child and to provide a home suitable for the rearing of the child, it shall fix a day for final hearing not less than one year from the date of the institution of the action and shall appoint, with due regard for the religious background of the child, an approved agency, having its principal office in New Jersey, as next friend; * * *. Except for good cause, the approved agency appointed as next friend shall be the agency which made the investigation and report pursuant to [N.J.S.A. 9:3-23].
Under N.J.S.A. 9:3-26, a next friend so appointed must,
A. * * * from time to time * * * visit the home of the plaintiff and * * * make such further inquiry as may be necessary to observe and determine the care being received by the child and the adjustment of the child and the plaintiff as members of a family.
B. At least fifteen days prior to the final hearing, * * * file with the court a written report of its findings since the preliminary hearing, including a recommendation as to the adoption. * * *
Further, a next friend so appointed is
* * * a necessary party at the final hearing, * * * entitled to present testimony and to cross-examine witnesses, and * * * subject to examination with respect to its report and recommendations in the matter. [N.J.S.A. 9:3-27(B)]
Finally, N.J.S.A. 9:3-32 provides for reimbursement of the "approved agency" for the costs incurred by it in acting pursuant to orders of the court:
The costs of all proceedings pursuant to this act shall be borne by the plaintiff, including the costs incurred by an approved agency acting pursuant to an order or orders of the court. Unless otherwise paid or provided for, the costs of an approved agency shall be presented to and allowed by the court upon the entry of judgment. Whenever such costs are paid or allowed to an approved public agency, the moneys resulting therefrom shall be appropriated to the *510 use of such approved public agency in the administration of this act.
Here the Bureau of Children's Services submitted, at or about the time it filed its final report, a "Statement of Costs" reading as follows:

 STATEMENT OF COSTS
-----------------------------------------------------------
Preliminary Hearing
 Investigation $ 60.00
 Report to Court 25.00
Final Hearing
 Supervision costs $13.00 per month
 for 10 months supervision $130.00
 Report to Court 25.00
 _________
 Total expenses incurred $240.00
 _________
-----------------------------------------------------------

The amount indicated above represents the total costs incurred to date by the Bureau of Children's Services.
Please make the check payable to the STATE OF NEW JERSEY and forward it to the Bureau of Children's Services at 831 Parkway Avenue, Trenton, New Jersey.
The Bureau's costs not having been theretofore paid, the trial court provided in the judgment of adoption, in accordance with what it "conceive[d] to be the mandatory nature of N.J.S.A. 9:3-32" for the allowance of those costs to the Bureau and the payment thereof by plaintiff. It rejected plaintiff's contentions that
(1) In the case of an indigent plaintiff  where, as the court found here, the plaintiff's "only source of income is from public funds devoted to assistance of the needy in one direction or another"  the court has power, under the pertinent statutes and rule of court, to deny such reimbursement to the approved agency, at least when the "approved agency" is a public agency; and, (2)  quoting from the point as set forth in plaintiff's brief on appeal  "requiring a welfare recipient to pay to a State agency fees *511 arising from the agency's performance of services required by statute in connection with an adoption action brought by the recipient violates the plaintiff's right to due process and equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution."
Plaintiff repeats the same arguments on appeal. We find them to be without merit.
N.J.S.A. 9:3-32 mandates that the approved agency be allowed the costs incurred by it in making the court-ordered investigations and reports and that the judgment of adoption entered provide for payment thereof by plaintiff unless those costs have been theretofore "otherwise paid or provided for." The statutory mandate applies irrespective of whether the approved agency is a private or a public agency. Express recognition of the right of a public agency to such allowance is embodied in the last sentence of N.J.S.A. 9:3-32.
Plaintiff contends that a judicial power to deny any allowance to the "approved agency" is fairly to be implied from the opening phrases of the second and third sentences in N.J.S.A. 9:3-32 and from R. 4:94-8(b). We perceive no substance in the contention.
Neither R. 4:94-8, which provides that an original and copy of the judgment of adoption shall be filed with the court and that "(b) If costs are allowed by the court to an approved agency, they shall be included in the judgment" nor the opening phrase of the second sentence of N.J.S.A. 9:3-32 evidences a legislative intent that the court should have a discretionary power to deny an approved agency reimbursement for its costs.
Both the quoted rule and the phrase "[u]nless otherwise paid or provided for," which precedes the mandate in the second sentence of N.J.S.A. 9:3-32 that "the costs of an approved agency shall be presented to and allowed by the court upon the entry of judgment," merely recognize that ordinarily, absent a dispute as to the reasonableness of the agency's charges, the plaintiff in an adoption proceeding *512 pays or arranges for payment of those charges before entry of judgment so that there is no need then to provide for such payment in the judgment. See 19 N.J. Practice (Ackerson & Fulop, Skills and Methods), § 717 at 423 (1960). If such prior payment or arrangement therefor has not been made, then the statute and the rule call for inclusion of such allowance in the judgment.
Nor is there any merit in the suggestion that despite the statutory mandate that the approved agency is to be reimbursed for its costs, the use of the word "whenever" in the opening phrase of the third sentence of N.J.S.A. 9:3-32  "Whenever such costs are paid or allowed to an approved public agency"  implies that the court has power to deny costs in cases in which a public agency has acted as the approved agency. The quoted language merely directs the disposition to be made of the moneys received by the public agency whenever  in any case in which  the public agency has acted as an "approved agency" under the adoption act.
Plaintiff next argues that statutory and rule provisions authorizing a court to waive payment of specified fees in case a litigant is indigent should be construed to include the power to waive or dispense with payment of the reimbursement sought by the Bureau. We find no justification for such an interpretation.
The statutory references are to sections of the Fees and Cost Act, N.J.S.A. 22A:1-1 et seq:
The payment of any fees to any court or clerk thereof may be waived or dispensed with by the court when a plaintiff, defendant, appellant, respondent, or other party, by reason of poverty, seeks relief therefrom. [N.J.S.A. 22A:1-7]
The collection of any fee provided for by this chapter may be waived in particular circumstances by general rule of the Supreme Court or by special order of the Supreme Court, or by an order of any court made pursuant to authority granted by a rule of the Supreme Court. [N.J.S.A. 22A:2-23]
It is immediately evident that neither section embodies grant of a power to deprive an approved agency, be it public *513 or private, of the right granted it by N.J.S.A. 9:3-32 to be reimbursed for costs incurred by it in acting pursuant to court order. N.J.S.A. 22A:1-7 refers only to fees payable "to any court or clerk thereof," and N.J.S.A. 22A:2-23 only to the fees in civil actions specifically provided for by Chapter 2 of Title 22.
Nor is such power to deprive the approved agency reimbursement to be found in the court rule to which plaintiff refers, R. 1:13-2. The rule, prior to its amendment effective September 13, 1971, was also limited to authority to waive "fees provided for by law which are payable to any court or clerk of court." As amended, effective September 13, 1971, subsequent to the entry of the judgment herein, R. 1:13-2(a) now reads:
(a) Waiver of Fees. Except when otherwise specifically provided by these rules, whenever any person by reason of poverty seeks relief from the payment of any fees provided for by law which are payable to any court or clerk of court or any public officer of this State, any court upon the verified application of such person, which application may be filed without fee, may in its discretion order the payment of such fees waived. In any case in which a person is represented by a legal aid society, an Office of Economic Opportunity legal services project, the Office of the Public Defender, or counsel assigned in accordance with these rules, all such fees and any charges of public officers of this State for service of process shall be waived without the necessity of a court order.
Although the first sentence of the amended rule speaks of waiver not only of "fees provided for by law which are payable to any court or clerk of court" but also of those payable to "any public officer of this State," it is apparent from a reading of the entire amended rule that the italicized reference is only to such charges of public officers as are mentioned in the second sentence, "charges of public officers of this State for service of process."
The amendment to Rule 1:13-2 to add "charges of public officers of this State for service of process" to the fees which may be waived in case the litigant is indigent was obviously adopted, following the decision in Boddie v. *514 Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), to insure that a litigant would not be denied access to our courts by reason of his financial inability to pay for such service of process.
The amendment goes no further than to insure an impecunious litigant access to the courts. It in nowise evidences an intent to impinge on the legislative prerogative to determine how much financial assistance shall be given to impoverished parents of infant children to meet the costs involved in their upbringing, a prerogative recognized in King v. Smith, 392 U.S. 309, 319, 334, 88 S.Ct. 2128, 2134, 2142, 20 L.Ed.2d 1118 (1968); Dandridge v. Williams, 397 U.S. 471, 478, 90 S.Ct. 1153, 1158, 25 L.Ed.2d 491 (1970), and Rosado v. Wyman, 397 U.S. 397, 408, 90 S.Ct. 1207, 1215-1216, 25 L.Ed.2d 442 (1970).
It is Boddie v. Connecticut, supra, on which plaintiff relies in support of her contention that to provide in the judgment that she should pay the costs incurred by the Bureau in making its investigations and report deprives her of due process of the law and equal protection of the laws.
In Boddie, welfare recipients sought a declaratory judgment that their indigency entitled them to prosecute divorce actions without paying the court fees and costs for service of process called for by the Connecticut statute. From the undisputed allegations of their complaint it appeared that the plaintiffs
* * * were unsuccessful in their attempt to bring their divorce actions in the Connecticut courts, simply by reason of their indigency. The clerk of the Superior Court returned their papers "on the ground that he could not accept them until entry fee had been paid." * * * Subsequent efforts to obtain a judicial waiver of the fee requirement and to have the court effect service of process were to no avail. [91 S.Ct. at 783]
The Supreme Court concluded that
* * * given the basic position of the marriage relationship in this society's hierarchy of values and the concomitant state monopolization *515 of the means for legally dissolving this relationship, due process does prohibit the State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages. [91 S.Ct. at 784]
Boddie furnishes no support for plaintiff's constitutional argument. Here, plaintiff has not been denied access to the courts, nor has she been, by reason of her indigency, in any way hindered or delayed in the prosecution of her action. On the contrary, by reason of her representation by a legal aid society, fees otherwise payable on the filing of a complaint for adoption were waived without a court order.
Grant of the adoption, the judicial relief sought, was not conditioned upon payment of the costs allowed to the Bureau. The judgment of adoption has been entered and is in full force and effect. It is of no constitutional moment that plaintiff will be required, if and when she acquires adequate assets, to pay the costs allowed by the judgment to the approved agency which made the investigation and reports called for by the adoption statute.
If relief from such legislatively mandated allowance is to be granted a welfare recipient, it must come from the Legislature, not from the courts.
The judgment is affirmed, without costs.
NOTES
[1] Based on the needs of her five natural children who live with her, plaintiff had been receiving welfare allotments under the Aid to Families with Dependent Children program, a program financed in substantial part by Federal funds. We are informed by plaintiff's brief that the action for adoption was instituted so "that Gwendolyn might qualify for welfare assistance." Following the entry of the judgment of adoption, the welfare allotment received by plaintiff was increased from $318 to $434 per month.